**The Law Office of Barry D. Haberman**
Barry D. Haberman, Esq.
254 South Main Street, #404
New City, New York 10956
845-638-4294
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | **:** | |
| | **:** | |
| **DW TRUMP, INC.,** | **:** | **CHAPTER 11** |
| | **:** | **Case No. 24-22083 (SHL)** |
| | | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| | **:** | |

**AFFIRMATION IN OPPOSITION TO MOVANT'S**
**MOTION SEEKING TO DETERMINE THE DEBTOR AS**
**SINGLE ASSET REAL ESTATE ENTITY**

TO:   **HON. SEAN H. LANE, U.S. BANKRUPTCY JUDGE**

**DW TRUMP, INC.**, ("Debtor"), by their attorney, Barry D. Haberman, Esq., respectfully

submits the within ("Opposition") to the Motion by 1Sharpe Income Fund LP "(Movant") said

Movant seeking an Order of the Court to hold the Debtor as a "single asset real estate entity".  For

the reasons set forth below based upon the facts and the law, the Court is respectfully requested to

deny the Movant's Application in its entirety.  The Debtor respectfully represents:

**BACKGROUND**

1.      On January 31, 2024 (the "**Petition Date**"), DW Trump, Inc. ("**Debtor**")

commenced their Chapter 11 case (the "**Case**") by filing a voluntary petition for relief under

Chapter 11 of Title 11, United States Code (the "**Code**").  Pursuant to §§1107(a) and 1108 of the

Code, the Debtor continues to operate as debtor-in-possession.  No trustee has been appointed.  No

official committee of unsecured creditors has been appointed.

2.      On February 14, 2024, the Debtor filed its Schedules (Doc. 14).

3.      On February 6, 2024, the Debtor's Principal, Ephraim Weissmandl, filed a Declaration of Corporate Officer (FBR 1007(a)(1) Statement) (Doc. 6). (Attached herein as Exhibit "1".)

4.      Attached herein as Exhibit "2" is a copy of the Deed dated September 9, 2015.  The Court is requested to note that on the last page of the Deed, (RP-5217-PDF), the property class of the Real Property is listed as 210.

5.      Attached herein as Exhibit "3", is the Property Type Classification Codes (Selected) as maintained by the State of New York. Said Codes can be found at https://www.tax.ny.gov/research/property/assess/manuals/prclas.htm#residential.

**RELEVANT FACTS**

6.      As referenced in  Schedule D (Doc. 14) the Debtor owns Real Property known as 26 Parker Boulevard, Monsey, New York 10952 ("**Real Property**"); said Real Property is explicitly defined "as a single family residence".

7.      As referenced in the Declaration of Corporate Office (See Exhibit "2", Paragraph 2), "the Debtor owns residential real estate, a single family residence located at 26 Parker Boulevard, Monsey, New York 10952" (the Real Property).

8.      The Court is further advised that the Debtor references the Real Property as a single family residence several other times in said Declaration of Corporate Officer.  (See Exhibit "2", Paragraph 7, Paragraph 14 and Paragraph 18).

9.      Furthermore, the Deed (See Exhibit "1", last page therein) explicitly references the Real Property as being classified with classification **"210"**  (Property Type Classification Code) as maintained by the State of New York. Said Codes is a single family residence.  (See "Exhibit "3" and https://www.tax.ny.gov/research/property/assess/manuals/prclas.htm#residential).

10.     Based upon the foregoing, it is well documented and well established that the Real Property owned by the Debtor is a single family residential real estate.  There is nothing in the evidentiary record to the contrary.

## LEGAL ARGUMENT

11.     Because the Real Property owned by the Debtor is a single family residential real estate, the Debtor does not satisfy all the conditions of a Single Asset Real Estate ("**SARE**") entity, and hence the Movant's Application must be denied.

## BURDEN OF PROOF

12.     "The burden of proving that the properties are subject to the SARE provisions of the Bankruptcy Code is on the moving party, Great Central, by a preponderance of the evidence. See *In re TTM MB Park, LLC*, No. 12–00174, 2012 WL 844499, at *1 (Bankr.S.D.Ala. March 12, 2012); see also *In re Hassen Imports Partnership*, 466 B.R. 492, 507 (Bankr.C.D.Cal.2012).  A fact is proven by a preponderance of the evidence if the finder of fact finds it more likely than not, based on the evidence, that the fact is true. See, e.g., *In re Bell Petroleum Servs., Inc.*, 3 F.3d 889, 909–10 (5th Cir.1993). In re Yishlam, Inc., 495 B.R. 328, 331 (Bankr. S.D. Tex. 2013)  *****

13.     "The Movant bears the burden of demonstrating that the Properties fall within the definition of 'single asset real estate' under Bankruptcy Code section 101(51B) by a preponderance of the evidence. See *In re Alvion Properties, Inc.*, 538 B.R. 527, 532 (Bankr. S.D. Ill. 2015) (citing *In re Hassen Imports P'ship*, 466 B.R. 492, 507 (Bankr. C.D. Cal. 2012)). To prove that the Properties constitute 'single asset real estate,' Movant must show: (1) that there is a single property or project, other than residential real property with fewer than 4 residential units; (2) that generates substantially all of the gross income of a debtor; and (3) that no substantial business is being conducted by a debtor other than the business of operating the real property and activities

3

incidental thereto. See *In re Meruelo Maddux Properties, Inc*., 667 F.3d 1072, 1076 (9th Cir.

2012).” <u>In re Georgina, LLC,</u> Case No.: 1:16-bk-10140-MB (Bankr. C.D. Cal. Dec 07, 2016) at

page 3

14.     “In determining whether [the debtor] is a SARE, we turn first to the statutory

definition in § 101(51B) of the Bankruptcy Code: The term ‘single asset real estate’ means real

property constituting a single property or project, other than residential real property with fewer

than 4 residential units, which generates substantially all of the gross income of a debtor who is

not a family farmer and on which no substantial business is being conducted by a debtor other than

the business of operating the real property and activities incidental.  11 U.S.C. § 101(51B) (2006).

Three requirements emerge from this definition which must all be met for a debtor to be

considered a SARE debtor: (1) the debtor must have real property constituting a single property or

project (other than residential real property with fewer than 4 residential units), (2) which generates

substantially all of the gross income of the debtor, and (3) on which no substantial business is

conducted other than the business of operating the real property and activities incidental thereto.

If a debtor fails to meet any prong, it is not a SARE.”  <u>In re Scotia Pacific Co., LLC</u>, 508 F.3d 214,

220 (5th Cir. 2007) (holding that if any of the requirements are not satisfied, the debtor is not a

SARE (single asset real estate entity).

15.     <u>See</u> <u>too</u> <u>In re Evergreen Site Holdings, Inc.,</u> 652 B.R. 307 (Bankr. S.D. Ohio 2023)

“All three requirements to be SARE must be met for a debtor to be deemed a SARE debtor.  If any

prong is not met, the debtor is not a SARE debtor.”

16.     “before real property may be subject to the single asset real estate provisions of the

Code, the Court must determine that all three elements in the statutory definition are satisfied.

First, the real property must constitute a single property or project, other than residential real

property with fewer than four residential units. Second, the real property must generate

substantially all of the debtor's gross income. And third, the debtor must not be involved in any substantial business other than the operation of its real property and incidental activities. *In re Philmont Dev. Co.*, 181 B.R. 220, 223 (Bankr. E.D. Pa. 1995)." In re MTM Realty Trust, Bk. No. 08-13428-JMD at page 3 (Bankr. N.H. 3/9/2009)

17.    "If the debtor's only asset is a single piece of property that has a single family dwelling on it or is a vacant piece of land that can never have anything other than a single family dwelling on it, the debtor will not qualify as a single asset real estate debtor within the meaning of bankruptcy code section 101(51B). Therefore, the Motion must be denied, and the Court will enter an order to that effect concurrently herewith." In re 2034 Sunset Plaza Drive, LLC, 616 B.R. 781 (Bankr. C.D. Cal. 2020) "The Court agrees with the court in Sunset Plaza and finds that the plain language of the Residential Exception includes properties of which the character of the property (including proposed development) is necessarily residential….In light of the foregoing, the Court finds that the Property owned by the Debtor falls under the Residential Exception and that the Debtor is therefore not a single asset real estate debtor as defined by 11 U.S.C. § 101(51B)" In re ETS of Wash. LLC, Case No. 20-00397 at page 5 (Bankr. D.C. Feb 04, 2021)

17.    While the Movant addresses two of the three prongs required for a determination of a SARE, as concerns the first prong "that there is a single property or project, other than residential real property with fewer than 4 residential units" the Movant neglects a complete discussion of same. Most importantly, even though the Schedule and Declaration referenced above demonstrate that the Real Property is a single family residence, same is pointedly ignored by the Movant. No where in Movant's papers is there any mention of the fact that the Real Property is residential real property with fewer than four residential units.

18.    The Court is also requested to take notice that the Movant in Paragraph 15 of its Motion papers fails to properly set forth all of the exact language contained in various courts

application of a three prong test to determine whether a Debtor is a SARE. In the Movant's representation to the Court of the first prong, the Movant omits language contained in the cases cited. As an example, see <u>In re Kara Homes, Inc</u>., 363 B.R. 399, 404 (Bankr. N.J. 2007) (Cited by the Movant in Paragraph 15). The language in the case is as follows, "First, real property constituting a single property or project, other than residential real property with fewer than four residential units, falls within the scope of 101(51B)". (same language also included in In re Philmont Dev. Co., 181 B.R. 220, 223 (Bankr.E.D. Pa. 1995) "First, real property constituting a single property or project, other than residential real property with fewer than 4 residential units, falls within the scope of section 101(51B)". Inexplicably, the Movant omits the language that references that residential real property with fewer than four residential units is outside of the ambit of a SARE.

19.     Here, it is undisputed that the Real Property is a single family residence. Residential real estate when there are fewer than four units in residential real property, is pointedly excluded from the definition of a SARE. Thus, the first prong is not satisfied and as the requirement in the case law is that all three prongs must be satisfied, the Debtor herein is not a SARE (notwithstanding Movant's discussion as to prongs 2 and 3).

**WHEREFORE**, the Debtor requests an Order of this Court denying the Movant all relief requested in its application together with such other and further relief as this Court deems just and necessary.

Dated: New City, New York
       March 6, 2024

/s/ Barry D. Haberman
BARRY D. HABERMAN, ESQ.
Attorney for the Debtor
DW TRUMP, INC.
254 South Main Street, #404

6

New City, New York 10956
845-638-4294
bdhlaw@aol.com