**Vallely Law, PLLC**
Erick Vallely, Esq.
Brett S. Silverman, Esq.
6851 Jericho Tpke, Suite 105
Syosset, NY 11791
evallely@vallelylaw.com
brett@vallelylaw.com
646.779.7210

*Counsel to Secured Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------X
In re:

DW TRUMP, INC.,                                        Case No. 24-22083 (SHL)
                                                       Chapter 11

                          Debtor.
-----------------------------------------------------X

### RESPONSE TO DEBTOR'S OBJECTION TO
### CLAIM 5 FILED BY 1SHARPE INCOME FUND LP

  1Sharpe Income Fund LP (together with any successor and/or assign, "**1Sharpe**"), by and through its undersigned counsel, hereby responds to the claim objection filed by the above-captioned debtor and debtor in possession (the "**Debtor**") objecting to Claim No. 5 on the Debtor's Claims' Register (the "**Claim**") and seeking to have the Claim "rejected" (the "**Objection**").

### PRELIMINARY STATEMENT

  1.  The Objection is a completely misplaced, self-serving, and flawed pleading which seeks to "reject" the Claim, however, 1Sharpe has no idea what relief the Debtor is exactly seeking – is it seeking, to reduce, reclassify, or expunge the Claim?  1Sharpe however, will assume that the Debtor seeks to expunge the Claim.

  2.  On November 18, 2018, the Debtor duly executed and delivered to Conventus LLC (the "**Conventus**") a note, wherein it promised to repay Conventus, its successors, and assigns, the

principal sum of $655,000.00 together with interest (the "**Note**").  The same day, to secure the Note, the Debtor duly executed and delivered to Conventus, a mortgage (the "**Mortgage**" and, together with the Note and other related loan documents, the "**Loan**") which is secured by the Real Property (defined below).  Copies of the Loan were attached to the Claim and the Objection, and thus will be referred to herein, but not attached as an Exhibit and the Court is respectfully referred thereto for a review of the terms of the Loan.

3.      On December 17, 2018, the Loan was assigned to 1Sharpe.

4.      Thereafter, the Debtor failed to comply with the terms, covenants and conditions of the Loan, including making all payments when due under the Loan.

5.      The Debtor, and not the Weissmandl's, is the owner of the real property known as and located at 26 Parker Blvd, Monsey, New York (the "**Real Property**").  However, in all of its pleadings, the Debtor and its principals seem to conflate and confuse the fact that the Debtor is a duly organized corporation under the laws of the State of New York, and despite being closely held, it is a separate commercial entity which is the true owner of the Real Property.  The Weissmandl's maintain merely a tenancy interest in the Real Property, but are not the owners thereof under New York law, as the Real Property was deeded to the Debtor back in 2015.

6.      As more fully described below, the Loan was a negotiated agreement and was willingly and knowingly entered into by the Debtor.  The Loan is unquestionably a commercial loan between two entities, and, despite the Debtor's confusion, the Loan is governed by the laws of the State of California, which, for obvious reasons make reliance on the New York criminal usury statute completely erroneous and nullifies the Objection in its entirety.  However, even if the Loan were somehow determined to be construed under New York law, which is contrary to New York's choice of law precedent in this Circuit, the Loan is still not usurious in any manner.

7.    For all of the reasons set forth below, the Objection must be overruled with prejudice, and the Claim should be allowed in its full and accruing amount and priority, together with all of the security interests created by the Mortgage which 1Sharpe may have.

## LEGAL ARGUMENT

8.    For all of the reasons set forth below, 1Sharpe respectfully submits that this Court should overrule the Objection with prejudice.

9.    Under the Bankruptcy Code and Bankruptcy Rules, a proof of claim is prima facie valid.  Specifically:

> "Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed, unless a party in interest objects.  (citing 11 U.S.C.S. § 502(a)).  If the claim is properly filed, it is prima facie evidence that the claim is valid. Fed. R. Bankr. P. 3001(f). A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded."

*In re Mehl*, 2024 Bankr. LEXIS 1489, *8 (Bankr. S.D.N.Y. 2024).

10.    "Section 502(b)(1) provides that claims may be disallowed if they are 'unenforceable against the debtor and property of the debtor, under any agreement or applicable law.'"  *In re Wythe Berry Fee Owner LLC*, 2023 Bankr. LEXIS 2369, *4 (Bankr. S.D.N.Y. 2024)(internal cites omitted).  "To determine whether a claim is allowable by law, bankruptcy courts look to 'applicable nonbankruptcy law.'"  *Id*. (citing *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006)).

11.    "'To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.'"  *Id*. at *5 (citing *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000)); *see In re Mehl*, *supra*, at *8 ("Correctly filed proofs of claim 'constitute prima facie evidence of the

validity and amount of the claim ... To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.'").

12.     The objecting party bears the initial burden of persuasion.  *In re Mehl*, *supra*, at \*9; *In re MF Global Holdings Ltd*., 2012 Bankr. LEXIS 5297 (Bankr. S.D.N.Y. 2012).  "If the objector does not 'introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.'"  *Id*. (internal citations omitted). However, "[b]y producing 'evidence equal in force to the prima facie case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'"  *In re Mehl*, *supra*, at \*9.

13.     There is no question that the Claim was timely and properly filed, and therefore, pursuant to Bankruptcy Code §502(a) and Bankruptcy Rule 3001(f), the Claim is valid and deemed allowed, until the Court weighs the evidence.  The burden of proof that the Claim is usurious shifted to the Debtor, and despite filing the Objection (including all of the unfounded and unsupported  allegations and conjecture set forth therein), as more fully set forth below, it fails to demonstrate or provide any evidence, facts, law, or interest calculations, that demonstrate the Loan is usurious in California or New York.

*California Law Applies – No Usury*

14.     Specifically, paragraph 15 of the Note provides that:

15.     Governing Law and Venue. The collateral Property which secures this Note is located in the State of New York. **Notwithstanding the location of the Property, this Note and all attendant loan documents were negotiated and executed in the State of California; and, it is the express intent of the Parties**

> *hereto that this Note shall be construed and enforceable according to the laws of the State of California for all purposes*. Jurisdiction and venue for any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, or any other interaction between the Lender and Borrower, shall be in San Francisco County, California, and Borrower hereby submits to personal jurisdiction in that forum for any and all purposes.

Note at ¶ 15 (emphasis supplied).

16.    Given that the choice of law provision of the Note chooses California Law, at the outset, the Objection fails because it is not even analyzing the correct State law, since the Objection is based solely on New York law.

17.    Therefore, based merely on the pleadings and the burden of proof, 1Sharpe submits that the Objection must be overruled with prejudice.

*California Law Applies*

18.    To the extent that the Court believes that the Debtor provided enough support to shift the burden of proving the Claim's validity to 1Sharpe, 1Sharpe first points to the plain terms of the Note and its choice of law provision set forth in ¶ 15 of the Note.  The parties intended for the Loan to be governed by the laws of California.

19.    Under California Law, the law of usury in California is based upon California Constitution article XV, section 1, which limits the interest payable "[f]or any loan or forbearance of any money." *Southwest Concrete Products v. Gosh Construction Corp*., 51 Cal. 3d 701, 705 (Cal. 1990).

20.    There are many exceptions to the usury law.  *See id*.   One exception is that Corporations Code section 25118(b) creates a statutory exemption to the usury laws for indebtedness aggregating or committing over $300,000, the so-called "sophisticated borrower"

exemption.  *Whitner v. Nelson Bros. Prof'l Real Estate*, 2023 Cal. Super. LEXIS 941, *6-7 (Cal.

Super. Ct. 2023).

21.     The Court in *Southwest Concrete Products*, *supra*, recognized the following:

> Another exception to the usury laws is the rule that a debtor by
> voluntary act cannot render an otherwise valid transaction usurious.
> "[A] debtor cannot bring his creditor to the penalties of the Usury
> Law by his voluntary default in respect to the obligation involved
> where no violation of law is present at the inception of the contract."
> Where the excessive interest is caused by a contingency under the
> debtor's control, the transaction will not be deemed usurious.

*Southwest Concrete Products, supra,* at 706.

22.     In a usury argument, the elements necessary to find usury are as follows: "(1) The

transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory

maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the

lender must have a willful intent to enter into a usurious transaction."  *Rusnak v. Salaman*, 2009

Cal. Super. LEXIS 5013, *17 (Cal. Super. Ct. 2009).

23.     Conventus is a California finance lender, and the Debtor acknowledged same in the

Note.  *See* Note at ¶ 16.  Moreover, the Loan with the principal face value of $655,000 would

qualify for a "sophisticated borrower" exemption as well.  Furthermore, even if there were no

exemption, the loan on the date it was written called for a 9.99% interest rate which is lower than

usury in California which is 10%, and therefore, when the Loan was originated, the Loan was not

usurious.  Lastly, the Loan does not satisfy the test, and specifically, the usurious intent portion of

the test set forth in *Rusnak supra*.

24.     Based on the foregoing, there is no question that the Loan is governed by California

Law based on the Note's choice of law provision, and, under California Law, the Loan is not

usurious.  Therefore, these irrebuttable facts lead to the conclusion that the Objection should be overruled with prejudice.

<u>*No Usury Under New York Law*</u>

25.     To the extent that the Court does not honor the choice of law provisions in the Note, 1Sharpe respectfully submits that when analyzed under New York law, the Loan is not usurious.

26.     The Debtor has failed to carry its burden of proof to sustain the Objection, and to prove that the Loan is usurious.   The Debtor simply rips the percentage of default fees and origination out of the Note and baldly states without any calculation or legal authority that they amount to 11% interest and thus render the Loan usurious.   Where is the support for these assertions?  Where is the proof needed by relevant case law in this Circuit to shift the burden of proof to 1Sharpe?

*1.   <u>Origination Fee</u>*

27.     3 NYCRR §4.2(a) provides that:

> The term interest as used in section 4.1 of this Part:
>
> **(a)**     when applied to any loan or forbearance secured primarily by an interest in real property ***improved by a one- or two-family residence occupied by the owner***, shall include origination fees, points and other discounts and all other amounts paid or payable, directly or indirectly, by any person, to or for the account of the lender in consideration for making the loan or forbearance.

3 NYCRR §4.2(a) (emphasis supplied)

28.     Pursuant to 3 NYCRR 4.2, "origination fees" would be considered in the calculation of interest if the secured property were (1) a one or two family residence, **<u>and</u>** (2) the owner occupies the home.  Here, while the home is clearly a single family home, the Debtor, the owner, does not occupy the house.  The house is occupied by the Debtor's principals, who, under

New York law (1) do not own the house, and are a (2) a separate legal entity from the Debtor (despite the repeated attempts by the Debtor to confuse that situation). *See Chartock v National Bank of California*, 2017 N.Y. Misc. LEXIS 673, *3-4 (Sup. Ct. 2017) (The Court initially notes that the signatory to the subject agreement was the corporation with which the plaintiff was affiliated, rather than the individual plaintiff. Although the plaintiff may have been Attitude's sole officer and shareholder, a corporation has a separate legal existence from its shareholders even where the corporation is wholly owned by a single individual (*see Harris v Stony Clove Lake Acres*, 202 AD3d 745, 747, 608 N.Y.S.2d 584 [3d Dept. 1994]; *New Castle Siding Co. v Wolfson*, 97 AD3d 501, 502, 468 NYS2d 20 [2d Dept. 1983], affd 63 NY2d 782, 470 N.E.2d 868, 481 N.Y.S.2d 70 [1984]). "[C]ourts are loathe to disregard the corporate form for the benefit of those who have chosen that form to conduct business" (*Baccash v. Sayegh*, 53 AD3d 636, 639, 862 N.Y.S.2d 564 [2d Dept. 2008] citing *Harris v Stony Clove Lake Acres, supra* at 747)).

29.    Therefore, the origination fee taken by Conventus at the commencement of the Loan is not permitted to be calculated into interest.

30.    Assuming *arguendo* that the Court still believes that the origination fee should be considered interest under New York law, 1Sharpe respectfully avers that in such a case, it should be calculated in one of the following two ways (i) added to the rate in the first year of the Loan because it was a one time payment, in which case the interest rate would only have been 10.99%, well below civil usury rates, let alone criminal usury rates; or if that is not accepted (ii) amortized over the life of the loan which would make the percentage a fraction of 1% over the five plus years the Loan has been outstanding.

*2.  Late Fees*

31.    Much like everything else in this case, the Debtor is bending reality to try to fulfill a self-serving end, specifically, the entire Objection rests on the Debtor's ridiculous argument that the late fees are to be considered interest at a rate of 10% per year on the principal.

32.    Paragraph 3 of the Note provides:

> 3.    **Late Charge**. Borrower acknowledges that default in the payment of any sum due under this Note will result in losses and additional expenses to Lender in servicing the indebtedness evidenced by this Note, handling such delinquent payments, and meeting its other financial obligations. Borrower further acknowledges that the extent of such loss and additional expenses is extremely difficult and impractical to ascertain. Borrower acknowledges and agrees that, ***if any payment due under this Note is not received by Lender within ten days (10) days when due, a charge of 10 cents ($0.10) for each dollar ($1.00) that is not paid when due*** would be a reasonable estimate of expenses so incurred (the "Late Charge"). Without prejudicing or affecting any other rights or remedies of Lender, Borrower shall pay the Late Charge to Lender as liquidated damages to cover expenses incurred in handling such delinquent payment.

Note at ¶3 (emphasis supplied).

33.    Based on the clear language of Paragraph 3, the 10% late fee would only be assessed on the missing payment, and only for the time that the missing payment remained unpaid, not on the full principal of the Loan, as the Debtor would have this Court believe.  The default fee would only come into play if the Debtor failed to make any payment, otherwise, that late fee is a non-starter.

34.    Specifically, there were only $8,392.23 of late fees assessed on the Loan from inception over 5 years ago, which, when amortized over the life of the Loan would, as the origination fee, amount to a fraction of 1% - which if added to the origination fee, would still not bring the Loan over 25% interest.  *See* Payoff dated December 13, 2023 attached hereto as Exhibit A, which payoff was sent to the Debtor's counsel in December 2023.  The Debtor has had the

payoff and is well aware that the late fees do not even amount to 2% of the Loan principal balance even assuming that the Loan only lasted one year.

35.     Notwithstanding the foregoing, reasonable late fees are not interest under New York law to begin with.  See *Donenfeld v Brilliant Tech. Corp.*, 2011 N.Y. Misc. LEXIS 934 (Sup. Ct. 2011)(where the court found that late fees did not constitute interest on the loan).  Moreover, 3 NYCRR § 4.3 provides in relevant part that:

> The term interest for purposes of subdivision (a) of section 4.2 of this Part shall not include the following amounts payable in connection with the loan or forbearance, if itemized in writing to the borrower:
>
> **(g)** fees and charges paid or payable pursuant to a written agreement or modification thereof between the lender and the borrower upon the occurrence of specific acts or defaults of the borrower, such as:
> **(1)** prepayment penalties;
> **(2)** charges for delinquent or late payments; and
> **(3)** collection fees;

3 NYCRR § 4.3(g).

36.     Based on §4.3(g)(2), it is clear that late fees are not to be calculated as interest under a loan.

*3.  No Usury Under Criminal Usury Standard*

37.     Under New York law, "[t]o successfully raise the defense of usury, a debtor must allege and prove by clear and convincing evidence that a loan or forbearance of money, requiring interest in violation of a usury statute, was charged by the holder or payee with the intent to take interest in excess of the legal rate." *Chartock v National Bank of California*, *supra*, at *5 (internal citations omitted).

38.    "If usury can be gleaned from' the face of an instrument, intent will be implied  and usury will be found as a matter of law.  Usury must be proved by clear and convincing evidence as to all its elements and usury will not be presumed." *Id*. (internal citations omitted).

39.    It is a "heavy burden rests upon the party seeking to impeach a transaction based upon usury". *Id*.

40.    Under New York law, in order for the Debtor to prove criminal usury, it must prove, as set forth above, by clear and convincing evidence all of the following: (1) a lender (2) knowingly charged, took or received (3) annual interest exceeding 25% (4) on a loan or forbearance of money. *See MPAK Inc. v. Merch. Funding Servs., LLC*, 2020 N.Y. Misc. LEXIS 7022, *9 (Sup. Ct. NY. 2020).

41.    1Sharpe concedes that the Loan is a loan and that it and Conventus are lenders, however, not only was the loan not conceived to be usurious, it certainty was not knowingly drafted to be usurious – and the Debtor has not even provided any evidence in the first instance of any usury or usurious intent.

42.    Therefore, based on all of the foregoing, the Objection must be overruled with prejudice.

*4.  Savings Clause*

43.    In the event that despite all of the foregoing, this Court finds that there may have been usury here, 1Sharpe points to paragraph 17 of the Note, which provides:

> 17.    Usury. All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under

applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note or the Mortgage securing this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

Note at ¶17.

44.    It follows, that even if the Court finds unintended usury here, paragraph 17 makes clear that if there is any amounts collected or charged that make the loan usurious, such amounts are to be deducted from the Loan and returned to the Debtor.

## RESERVATION OF RIGHTS

45.    1Sharpe reserves the right to conduct discovery, including, depositions of the Debtor and its principals upon any after discovered evidence conjured up and presented to the Court by the Debtor in support of the Objection which post-dates the filing of this Response.

## CONCLUSION

46.    The Debtor is a business which held the Real Property for nearly 4 years prior to voluntarily making the Loan, which, upon information and belief, was used to refinance the Debtor (and its principal guarantors) out of a or many loans which were the subject of litigation involving the Debtor.  Despite the unavailing and self-serving statements of Mr. Weissmandl, the Debtor, a corporation, took the money.  The Debtor has provided no evidence of any kind that the Loan is usurious, let alone enough to hurdle the bar needed to implicate 1Sharpe for criminal usury.

47.     The Loan is not usurious under the laws of both of California and New York, and

therefore the Objection must be overruled with prejudice.

Dated:  Livingston, New Jersey
        July 31, 2024                                    Vallely Law PLLC


                                                        By:  _s/Brett S. Silverman_____
                                                               Brett S. Silverman