**Silverman Law PLLC**
Brett S. Silverman, Esq.
4 Terry Terrace
Livingston, New Jersey 07039
brett@getconciergelaw.com
646.779.7210

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
In re:

DW TRUMP, INC.,                                    Case No. 24-22083 (SHL)

               Debtor.                      Chapter 11
-------------------------------------------------X

## REPLY TO DEBTOR'S CLAIM RECONCILIATION

      1Sharpe Income Fund LP ("**1Sharpe**"), by and through its undersigned counsel, Silverman Law PLLC, hereby replies to the claim reconciliation (the "**Reconciliation**") by DW Trump, Inc., the above-captioned debtor (the "**Debtor**"). In further support of this reply, Movant respectfully avers as follows (this "**Reply**"):

      1Sharpe hereby incorporates into this Reply the Declaration of Anjali Mecklai filed on August 15, 2024 in further support for Claim 5 as directed by the Court (together with the exhibits attached, the "**Declaration**"), and respectfully refers the Court and all other parties to the Declaration. Moreover, all capitalized terms used but not otherwise defined in this Reply shall carry the same meanings ascribed to them in the Declaration.

### REPLY

      1.     It has been nearly three weeks since the Debtor was required by the Court to file the Reconciliation, which delay also required an adjournment of the September 5 hearing, and, not

surprisingly, as usual, the Reconciliation is another meandering recitation of nonsense and blatant disregard for the terms of the Loan.

2.      Specifically, the calculations set forth in Exhibit 2 of the Reconciliation completely ignore the Default Rate interest, as well as, understating the Note Rate interest that is actually due, which brings into question the Debtor's understanding of how to calculate the value of the Loan to begin with.  Specifically, the interest only payments called for by Section 2 of the Note are $5,452.88, which when multiplied by 56 months from Maturity to August 2024 amounts to $305,361.28 – not $289,002.64 (which is only 53 months).

3.      Section 6 of the Note is clear, interest in the event of default (in this case failure to satisfy the Note on Maturity) is calculated at 24% per annum.  Default Rate interest commenced in January 2020, and continually accruing 24% every year for that 4 year and 277 day period between January 1, 2020 and August 15, 2024.

4.      FCI, on behalf of 1Sharpe, services the Loan, and prepared the Payoff.  It is clear from the layout and presentation of the amounts due, that the Payoff is not entirely clear with respect to the calculation of interest, however, the Payoff attached to the Declaration is an accurate depiction of the value of the Loan.

5.       As set forth in the Declaration, the Debtor has made a total of $109,057.60 worth of Note Rate (or 9.99%) payments on the 655,000 (the "**Bankruptcy Payments**")[1], which, while not set forth specifically on the Payoff, were taken out of the presented amount of interest.

6.      The approximate interest due before netting out the Bankruptcy Payments is $733,600 (or ($655,000 x 24%) /12 x 56 months).  When netting out the Bankruptcy Payments,

---

[1] 1Sharpe reserves the right to seek relief from the stay in the future based on the fact that the monthly payments are hardly adequate protection.

the approximate interest due is $624,542.47, exactly the interest set forth in the Payoff and as recognized in Exhibit 2 to the Reconciliation.

7. With respect to the Lender Insurance, in violation of the Loan documents (among others Section 4 of the Mortgage), the Debtor never presented 1Sharpe with any certificates or other proof of insurance, and in the absence thereof, 1Sharpe was forced to place insurance to protect the collateral. That all said, if the Debtor can provide proof of insurance for the coverage periods identified in the Payoff, 1Sharpe will, as a courtesy, waive those amounts from the Claim.

8. The other charges and expenses are normal on any loan of this type, including the legal fees which are authorized under Section 9 of the Note.

9. 1Sharpe's understanding of the prior hearing was that the Court wanted a calculation of the Loan based on the terms of the Loan, and, thus, while the Note clearly requires 24% interest, the Debtor manages to try to convince this Court otherwise – and in doing so, still shorted the calculations.

10. 1Sharpe fails to understand the Debtor's position or Claim calculation, but, what is clear is that the Debtor is continuing to waste the Court's time, and simultaneously, the Loan continues to grow versus the equity in the Real Property.

11. Therefore, the Claim is properly calculated and should be allowed its entirety, but, subject to the reduction for any insurance that can be proven by the Debtor (which 1Sharpe is not required to do).

Dated: Livingston, New Jersey
      September 20, 2024

**Silverman Law PLLC**
*Counsel to 1Sharpe*

*s/ Brett S. Silverman*
Brett S. Silverman