# EXHIBIT

# A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **DW TRUMP, INC.,** | : | **CHAPTER 11** |
| | : | **Case No.  24-22083-shl** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |
| | : | |

**DEBTOR'S PLAN OF REORGANIZATION**
**FOR SMALL BUSINESS UNDER CHAPTER 11**
**DATED:  January 22, 2025**

## ARTICLE 1: SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of DW Trump, Inc., (the "Debtor") from the sale of the Debtor's Real Properly located at 26 Parker Boulevard, Monsey, New York 10952 ("**Subject Premises**").

This Plan provides for one (1) class of secured claims, one (1) class of unsecured claims, and one (1) class of equity security holders.

It is reasonably anticipated that all allowed Claims shall be paid in full.

Administrative claims will be paid in full on the effective date, or according to the terms of the obligations, or pursuant to agreement with the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney,  if you have one. (If you do not have an attorney, you may wish to consult one.)**

Sale of the Subject Premises shall take place through an auction conducted by Maltz Auctions (prompt closing, property "as is" condition, no contingencies), which auction shall take place no more than 45 days from the entry of an Order confirming this Plan.

The auction sale of the Subject Premises shall take place, within sixty (45) days of plan confirmation, free and clear of all liens, claims and encumbrances, with all liens, claims and

encumbrances to attach to the proceeds of sale to the extent of the validity and the priority of such liens, claims and encumbrances held prior to the sale. The proceeds of the sale shall be paid in order of the following priority on or about the closing to (1) Real Estate Tax Liens and Real Estate taxes (2) holders of allowed claims secured by valid and perfected liens, including the Secured Claim held by 1 Sharpe (as used in this Disclosure Statement, the "Secured Claim") (3) any allowed liens which may be necessary, (4) other liens or claims as necessary to close title unless the Debtors are exempted from payment, (5) costs and expenses of the estate in connection with such sales, including brokers or auctioneer's fees, (6) any unpaid United States Trustee fees and (7) any unpaid administrative expenses for fees awarded to Court appointed professionals for the Debtors. All Lienors shall deliver any satisfactions, releases of judgment or other documentation necessary or desirable to effect closings on the sale of the Subject Premises, in exchange for and upon receipt and clearance of full payment of the allowed claim (unless such claim is reserved for). The Debtors may move in the Court herein on expedited ten (10) days' notice to compel any such lienor to comply with its obligations hereunder. All the monies received at the Closing shall be held in escrow pending the expiration date of the Bar Date for filing claims in this case and then to be distributed in accordance with this Plan unless claims have been filed which modify or affect the present priority of claims, in which case the Court shall make determinations on the distribution with respect to the property involved in the claims that are subject to a dispute as to priority, provided however that this provision shall not delay payment of any Real Estate Tax Liens, Real Estate Taxes on the Real Property, and payment to 1Sharpe, with the Settlement agent retaining sufficient funds to satisfy Administrative Claims and Expenses and Priority Tax Claims.

All the transactions provided for or contemplated in this Plan, including the sale of Real Property (Subject Premises), the cancellation of debt, and the making or delivery of instrument of transfer, shall be exempt from any taxes, transfer taxes, recording fees, or other charges which may be exempted under Section 1146 of the Bankruptcy Code.

The Secured Claim (Class 1) in the amount of $1,453,507.28, which is and has been accruing, will be paid net proceeds from auction of Subject Premises (up to amount of Claim as accruing) and prior to the payment of any other Claim, including Administrative Fees and Priority Claims, but excluding the Maltz's compensation and expenses as agreed between the parties in a separate agreement.

In the event that the auction sale does not generate enough money to satisfy the fees and costs of Maltz, plus all secured liens, 1Sharpe shall have the right to credit bid its full Secure Claim and close on the Premises, whereby, and in such event, the Debtor shall be liable for all other Claims against the estate.

## ARTICLES 2:  CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1        Secured claims

2.02    Class 2        Unsecured claims

2.03    Class 3        Equity interests

## ARTICLE 3:  TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUATERLY AND COURT FEES

3.01    Unclassified claims.    Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative expense claims.    Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority tax claims.    Each holder of a priority tax claim will be paid in full within thirty (30) days after receipt of proceeds from the sale of the Subject Premises.

| NAME AND TYPE | FILED AMOUNT OF CLAIM | TREATMENT |
|---|---|---|
| IRS – Taxes | $109.46 | Full Payment – From Proceeds |
| NYS-Taxes | 30.87 | Full Payment – From Proceeds |
| NYS – Dept. of Labor | 38.44 | Full Payment - From Proceeds |

3.04    United States Trustee Fees.    Statutory fees, and any applicable interest thereon, are all fees payable pursuant to Chapter 123 of Title 28, United States Code, including, but not limited to, all fees required to be paid by 28 U.S.C. § 1930(a)(6) and interest, if any, required to be paid by 31 U.S.C. § 3717 (collectively, "U.S. Trustee Fees"). U.S. Trustee Fees will accrue and be timely paid until the Case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee owed on or before the Effective Date of this Plan will be paid in full on the Effective Date of the Plan. The Debtor shall remain responsible for any and all U.S. Trustee fees that become due and shall pay same on a timely basis.

## ARTICLE 4:  TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    *Claims and interests shall be treated as follows under this Plan:*

| Class 1 | Secured Claims[1] | Not Impaired | Paid in Full (as accrued) |
|---|---|---|---|
| Class 2 | General Unsecured Claims | Not Impaired | Paid in Full |
| Class 3 | Equity Interests | Not Impaired | Equity holders will receive all proceeds received in excess of all allowed Administrative Expenses, Priority Tax Claims, Secured Claims and General Unsecured Claims, |

---

[1] This includes the Secured Claim of 1Sharpe as such claim has been allowed and accruing, which shall be paid prior to any other claims except suerpriority liens.

3

after such claims are paid in full.

## ARTICLE 5:  ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claims:    A *disputed claim* is a claim that has not been allowed or disallowed by a final non-applicable order, and as to which either:

(i)    A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)    No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.  All claims objections will be filed no later than 90 days after entry of the confirmation order, unless extended pursuant to order of the Court.

5.04    Disputed, Contingent and/or Unliquidated Scheduled Claims with no Proof of Claim Filed.  In accordance with the Court's Order dated June 7, 2024, ("**Bar Date Order**") pursuant to Bankruptcy Rule 3003(c)(2), a holder of a Claim that failed to comply with this Order by timely filing of a Proof of Claim in appropriate form "shall not be treated as a Creditor with respect to that Claim for purpose of voting and distribution". The Plan will not make distributions to entities that failed to timely file a Claim.

5.05    1Sharpes Claim, the Secured Claim, has been previously allowed as filed and accruing (interest and fees) by the Court and nothing herein shall give the Debtor the right to object to the Claim other than in the event that there is a miscalculation of per diem interest which has been accruing since September 24, 2024.

## ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS

6.01    Executory Contracts and Unexpired Leases.

The unwritten lease between the Debtor and its principal shall be terminated as of the date of the Auction

## ARTICLE 7:  MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Payments and Distributions

4

Payments and distributions under the plan will be funded by the sale of the Debtor's real property, located at 26 Parker Boulevard, Monsey, New York 10952 ("**Subject Premises**"). The Debtor's counsel Barry D. Haberman, Esq. shall be the disbursing agent (the "Disbursing Agent") under the Plan. A bond will not be required. The disbursing agent(s) shall maintain all accounts at banking institutions that are authorized depository institutions in the Southern District of New York.

7.02    Post-Petition Management

Post-petition the Debtor will be managed by the Distribution Agent.

7.03    1Sharpe shall have the right, in its sole discretion, to credit bid at the Auction up to the full amount of the Secured Claim as accrued on the date of the Auction Sale. Any fees and costs due to Maltz associated with such credit bid shall be paid for under separate agreement between Maltz and the Debtor and 1 Sharpe, and any superpriority liens which have priority higher than that of the Secured Claim, specifically for real estate taxes and other such statutory liens shall be satisfied by 1Sharpe. In such event that the Auction Sale does not generate more than the value of the Secured Claim at the time of the Auction, all other claims against the estate shall be the sole responsibility of the Debtor, except for fees due to the United States Trustee directly related to revenue received by the Estate from the Auction Sale, and to said amount 1Sharpe shall fund the Estate with sufficient cash to satisfy said United States Trustee fees.

## ARTICLE 8:  GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the later of the closing on the sale of the Real Property or ten (10) days after the expiration of the Bar Date for filing claims and no claims having been filed which effect the priority of the claims provided in this Plan.   If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

(1) The Confirmation Order shall have been entered by the Court and shall not be subject to any stay or subject to any unresolved request for revocation under Section 1144 of the Bankruptcy Code.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the Determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

5

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of references only and do not affect the meaning or interpretation of the Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance.  The charter of the reorganized Debtor shall be amended to prohibit the issuance of nonvoting securities.

8.08    Adjournment and/or Cancellation of Sale.   Debtor acknowledges that it has no power and/or authority to adjourn or seek an adjournment of the sale of the Subject Premises. Notwithstanding same, Debtor has the right, up until the day of the auction sale of the Subject Premises, to tender to 1Sharpe (the Secured Creditor) full payment of 1Sharpe's Claim (as accrued), to satisfy same, and upon tendering of said payment, the sale of the Subject Premises shall be cancelled, and, in such event, the Debtor shall be fully responsible for any fees or expenses of Maltz.

8.09    Retention of Jurisdiction.  Notwithstanding Confirmation, the Court shall retain jurisdiction for the following purposes:

(1) Determination of the allowability of Claims upon objections filed to such Claims, and any pending litigation by the Debtor or by creditors or third parties, including but not limited to avoidance actions brought under § 547;

(2) Determination of requests for payment of Claims and fees entitled to priority under § 507;

(3) Resolution of any disputes concerning the interpretation of the Plan;

(4) Implementation of the provisions of the Plan;

(5) Entry of Orders in aid of Consummation of the Plan;

(6) Modification of the Plan pursuant to § 1127 of the Code;

(7) Adjudication of any causes of action including voiding powers actions commenced by the Debtor-in-Possession; and

(8) Entry of a Final Decree and closing the case.

## ARTICLE 9: DISCHARGE

9.01  Discharge of the Debtor.  On the confirmation date of this Plan, and subject to the full repayment of the Secured Claim (as accruing), the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B). Any outstanding claims for US Trustee quarterly fees and any applicable interest thereon are not discharged by the Plan

## ARTICLE 10: OTHER PROVISIONS

10.01  Unclaimed Property.  Escrow of Unclaimed Property.  The Post Confirmation Debtor shall hold all Unclaimed Property (and all interest, dividends, and other distributions thereon), for the benefit of the respective holders of Claims entitled thereto under the terms of the Plan.

Distribution of Unclaimed Property.  At the end of one (1) year following the relevant Distribution Date of particular Cash or other property to be distributed under the Plan, the holders of Allowed Claims entitled to Unclaimed Property held pursuant to this Section shall be deemed to have forfeited such property, and all right, title and interest in and to such property shall be retained by the Debtor.

10.02  Modification of the Plan.  The Plan Proponents may modify the Plan at any time before confirmation of the Plan, provided that such modification has been approved by the Court However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Plan Proponents may also seek to modify the Plan at any time after confirmation only if:

(1) The Plan has not been substantially consummated; and

(2) The Court authorizes the proposed modifications after notice and a hearing.

10.03  Final Decree.  Pursuant to SDNY LBR 3021(a), the Debtor shall file with the Court (on presentment in accordance with Local Bankruptcy Rule 2002-1) within 14 days after the entry of an order confirming a Chapter 11 Plan, a proposed order that shall contain a timetable with the steps proposed for achieving substantial consummation of the Plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated.  The Debtor expects that a final decree will be entered in this case within 14 days following the full administration of the Debtor's estate.  Upon request, the Court may reduce or extend the time to file such application.

10.4  Quarterly Reports.  Until the Chapter 11 Case is closed, converted or dismissed, whichever is earlier, the Reorganized Debtor shall file quarterly reports setting forth the status of

Distributions to holders of Allowed Class 1, 2 and 3 Claims. The quarterly reports shall be filed on or before the 15th day of July, October, January and April. In addition, the Disbursing Agent shall maintain an accurate register of the General Unsecured Claims.

10.05   Re-vesting of Assets and Continuing Existence. As of the Effective Date, pursuant to provisions of the Bankruptcy Code Sections 1141(b) and (c), all property and assets of the Debtor shall be transferred to and shall vest in the Post-Confirmation Debtor free and clear of all Liens, Claims and Interests, except as otherwise expressly provided in this Plan and Confirmation Order, and excepting any secured claims, including the Secured Claim (as accruing).

Unless otherwise agreed to by the claimant, immediately after the earlier of a Final Order of the Bankruptcy Court or the occurrence of the Effective Date, the Debtor or the Post-Confirmation Debtor shall pay all Allowed Administrative Expense Claims, including Fee Claims, subject to full repayment of the Secured Claim (as accruing).

From and after the Effective Date, the Post-Confirmation Debtor will continue in existence and shall be vested with all of the Debtor's remaining assets (the Subject Premises having been sold pursuant to the provisions of this Plan).

Dated: New City, New York
        January 22, 2025

/s/ Barry D. Haberman
Barry D. Haberman, Esq.

Attorney for the Debtor

8